UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
S.N. and W.A., individually,
and on behalf of their son, M.N.

                              Plaintiffs,

       - against -                                    **COMPLAINT**

New York City Department of Education,                1:23-CIV-06644 (   )


                              Defendant.
------------------------------------------------------------------

       Plaintiffs S.N. and W.A., individually, and on behalf of their son, M.N., by their

attorneys, Mayerson & Associates, as and for their Complaint against defendant, the New York

City Department of Education, allege and state the following:

                              **THE PARTIES**

       1. Plaintiff M.N., the son of S.N. and W.A., is now an eleven-year-old (D.O.B.

07/24/2012) child with autism, and global developmental delay who presents with a variety of

significant deficits and interfering behaviors.  M.N.'s deficits are pervasive and global and they

transcend behavioral, communication, social and physical domains.

       2. Plaintiffs were at all relevant times, and still are, residing within New York City and are

entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and

statutes including, but not limited to the Individuals with Disabilities Education Improvement

Act ("IDEIA," more commonly known as "IDEA"), 20 U.S.C. § 1400, *et seq.*, the pertinent

implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the

New York State Education law and Part 200 of the Commissioner's Regulations.

3. Plaintiffs, though all known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. § 99. Upon the request of this Court, plaintiffs are prepared to disclose such information on an *in camera* basis.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the local education agency ("LEA") charged with the obligation to provide disabled students with a free appropriate public education ("FAPE").

## THE RELIEF BEING SOUGHT

5. This action is brought on behalf of plaintiffs pursuant to the fee-shifting provisions of 20 U.S.C. § 1400, *et seq.*, ("IDEA") and, in particular, 20 U.S.C. §§ 1415.

6. This action follows a trial pertaining to the 2019-2020 school year that resulted in a hearing officer's decision, on the merits, in *plaintiffs'* favor. The hearing officer's decision is now final and non-appealable.

## JURISDICTION AND VENUE

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy, as the plaintiff family clearly emerged as the "prevailing party." Venue is proper in that, during all relevant times, plaintiffs and defendant reside in or are situated within this judicial district.

## FACTUAL AND PROCEDURAL BACKGROUND

8. Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a disability. The FAPE required under IDEA will be different for each child, as IDEA does not permit a "one size fits all" approach.

9. Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a disability. The FAPE required under IDEA will be different for each child, as IDEA does not permit a "one size fits all" approach.

10. For the 2019-2020 school year, on or about June 28, 2019, M.N. and his parent initiated an administrative, due process proceeding against defendant in order to secure reimbursement and other related funding relief based upon defendant's failure to provide M.N. with a FAPE for purposes of the 2019-2020 school year.

11. After the appointment of a specially trained and highly experienced impartial hearing officer ("IHO"), Robert Briglio, Esq., a hearing was convened on July 26, 2019 to determine the student's pendency (stay put) placement. On July 26, 2019, a pendency decision was issued setting forth the stay-put placement during the proceedings.

12. On the merits, the parents then put on their case during the course of a two-day trial that took place on January 07, 2020, and January 24, 2020. A Post Hearing Brief was submitted on February 14, 2020. The record consisted of 40 exhibits, 4 witnesses, and approximately 75 pages of trial testimony.

13. The Department of Education failed to provide M.N. with a Free and Appropriate Public Education for the 2019-2020 school year. At the hearing, The Department of Education failed to put forth any witnesses, or any evidence at the hearing and therefore, the Department of Education failed to meet its Prong I burden.

14. In a twelve-page "Findings of Fact and Decision" dated November 14, 2020, the hearing officer ordered defendant to reimburse M.N.'s parents for the tuition they had paid for the McCarton Center with a home program for the 2019-2020 extended school year.

15. M.N. and his parent are therefore the "prevailing party" and are entitled to their reasonable attorneys' fees and costs.

16. This action is timely brought, as there is an applicable *three-year* statute of limitations as to fee claims.

17. Under the fee-shifting provisions of the IDEA statute, M.N. and his parents should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, in the principal sum of not less than $$86,049.00, and all additional fees and costs related to the recovery of appropriate attorney's fees and of this action (approximately $ 3,000 to date).

WHEREFORE, by reason of the foregoing, this Court should: (a) declare plaintiffs to be the "substantially prevailing party;" (b) fix and award plaintiffs' statutory attorneys' fees and related costs and disbursements from the IDEA due process proceeding, presently in the sum of not less than $86,049.00, plus any additional fees and interest as this Court may allow for fees and costs recorded in this action (approximately $3,000); and (c) award plaintiffs such other, different and further relief as this Court deems proper.

Dated:    July 31, 2023
          New York, New York

*Gary S. Mayerson*
Gary S. Mayerson (GSM 8413)
Mayerson & Associates
Attorneys for Plaintiff
P.O. Box 230068, NY, NY 10023
P: (212) 265-7200


ATTENTION: We request that all funds awarded be delivered electronically by the Comptroller Office's EFT payment process. All mailings should be sent to P.O. Box 230068, New York, NY 10023.